SAN ANTONIO EDISON CO. v. J. W. DIXON AND THE SAN ANTONIO STREET RAILWAY COMPANY.

Delivered November 10, 1897.

1. **Master and Servant—Negligence—Joint User.**

Where an employe of an electric company was ordered to take down a wire belonging to it, but strung on a pole belonging to a street railway company, and he was injured by the breaking of the pole, and the defect in the pole was not obvious, nor known to him, but could have been discovered by proper inspection, the electric company was liable, it having the right, by agreement with the other company, to remove and repair its wires upon the pole.

**2.  Same—No Liability Over.**

The street railway company owed no duty to the employes of the electric company, and was therefore not directly liable, nor could any judgment over be rendered against it.

APPEAL from Bexar.   Tried below before Hon. J. L. CAMP.

*Barnard & McGown,* for appellant.—1.   The rule requiring an employer to use ordinary care to provide a safe place upon which an employe is to perform his labors, applies only to cases where employes are required by reason of their employment and in the daily discharge of their duties to go upon given premises, and Dixon having been employed to make a temporary or sporadic use of this pole, this general rule has no application.   It was not the company's duty to inspect it.   Dixon v. Tel. Co., 68 Fed. Rep., 631; Dixon v. Tel. Co., 71 Fed. Rep., 143; Coal Co. v. Floyd, 25 L. R. A., 856; Beesley v. Wheeler, 27 L. R. A., 269; Petaja v. Iron Co., 32 L. R. A., 438; Trask v. Railway, 31 N. E. Rep., 6; Lynch v. Allyn, 35 N. E. Rep., 551; Coffee v. Railway, 28 N. E. Rep., 1128.

2.   Dixon having accepted employment, in the performance of which he knew he would have to go a single time upon poles which did not belong to his employer, assumed the risk of the poles breaking when he climbed them.   Dixon v. Tel. Co., 68 Fed. Rep., 633; Dixon v. Tel. Co., 71 Fed. Rep., 143; Flood v. Tel. Co., 131 N. Y., 605; Garragan v. Iron-Works, 33 N. E. Rep., 652; Griffin v. Railway, 24 N. E. Rep., 888; Foley v. Elec. L. Co., 24 Atl. Rep., 487; Junior v. Elec. L. Co., 29 S. W. Rep., 989; Kuhns v. Railway, 31 N. W. Rep., 868; Throckmorton v Railway, 39 S W. Rep., 175; Railway v. Lempe, 59 Texas, 19; Railway v. Conrad, 62 Texas, 629; Railway v. McCarthy, 64 Texas, 636; Railway v. Williams, 72 Texas, 164; Rogers v. Railway, 76 Texas, 506; Railway v. Somers, 71 Texas, 701; Watson v. Railway, 58 Texas, 434; Railway v. Hester, 64 Texas, 401; Railway v. Trover, 72 Texas, 309; Railway v. Harris, 2 Texas Civ. App., 541.

3.   The contract between the two companies having provided that the San Antonio Street Railway Company should keep the poles in good condition, it became liable to the Edison company for the neglect, and said company's right of recovery against it, the street railway, was prejudiced by the court's instruction.   Railway v. Peyton, 18 Am. and Eng. Ry. Cases, 1; Tel. Co. v. Crank, 27 S. W. Rep., 40; Dunlap v. Railway, 81 Ga., 136; Railway v. Railway, 83 Texas, 509; Sellars v. Railway, 80 Texas, 312; Railway v. Morris, 68 Texas, 62; Railway v. Jones, 75 Texas, 151.

*W. W. King,* for appellee San Antonio Street Railway Company.—The court did not err in charging the jury to return a verdict for the San Antonio Street Railway Company.   Ward v. Fagan, 20 Am. St. Rep., 650; Morse v. Maddox, 17 Mo., 573; Peterson v. Smart, 70 Mo., 38; Cool. on Torts, 2 ed., 791; Brewster v. Fremery, 33 Cal., 341; Burks v. Bragg,

89 Ala., 204; Tomle v. Hampton, 129 Ill., 379; Billows v. Moore, 37 N. E. Rep., 750; Belton v. Smidt, 56 N. W. Rep., 689; Beller v. Daniels, 29 Atl. Rep., 36; Railway v. Thurston, 43 Ill., 587; Railway Accident Law, secs. 184-186; Oil Co. v. Morton, 70 Texas, 401; Holmes v. Tel Co., 16 N. Y., 563; Williams v. McHatton, 16 La. Ann., 196; 17 La. Ann., 23, 190; 1 Hillard on Contracts, 281; Law Relating to Electricity, 258.

*James Routledge,* for appellee Dixon.—1. It is the duty of the employer to use ordinary care to provide reasonably safe poles for their employes to work on, and the employer is not relieved from this duty by the term of employment, or the period of use, being permanent or temporary, long or short, and it is their duty to use ordinary care in the inspection of the same to see that they are reasonably safe for their employes to climb. Clairain v. Tel. Co., 3 So. Rep., 625; Tel. Co. v. Wanghter, 19 S. W. Rep., 576; Dayharsh v. Railway, 15 S. W. Rep., 555; Railway v. Sweeney, 8 Ohio Cir. Ct. Rep., 298; Spaulding v. Granite Co., 34 N. E. Rep., 1134; Ward v. Tel. Co., 71 N. Y., 83; Pulp Co. v. Jones, 38 N. E. Rep., 547; Hammond v. Mason, 40 N. E. Rep., 642.

2. When a company uses a pole in the operation of its system, it owes the same duty to use ordinary care to see that it is in a reasonably safe condition as it would owe if it owned the pole absolutely.

3. Appellant was guilty of negligence, and did not use ordinary care to see that said pole was in good condition either in its construction or maintenance. Railway v. O'Fail, 78 Texas, 480; 79 Texas, 677; 75 Texas, 62; Birmingham v. Railway, 14 N. Y. Supp., 13; Stiller v. Railway, 6 N. W. Rep., 307; Spaulding v. Granite Co., 34 N. E. Rep., 1134; Railway v. Dorsey, 18 S. W. Rep., 445; Railway v. Sweeney, 8 Ohio Cir. Ct. Rep., 298.

NEILL, Associate Justice.—This suit was instituted by the appellee, J. W. Dixon, against the appellant and the San Antonio Street Railway Company, to recover damages for personal injuries alleged to have been inflicted upon him by the concurrent negligence of the two companies. The acts of negligence averred are embodied in our conclusions of fact.

The San Antonio Edison Company answered, first, by general demurrer; second, by special exceptions; third, by general denial; fourth, that the alleged defective pole, by the breaking of which Dixon was injured, was the property of its codefendant, and that it had exercised no control or rights thereto; that appellant employed Dixon to move certain of its wires from poles belonging to the San Antonio Street Railway Company, and to place them on poles belonging to appellant on the opposite side of the street; that Dixon knew that the poles from which the wires were to be removed were not the property of appellant, and that they belonged to the other company, and in accepting such employment he assumed all risks incident thereto, and had every opportunity the appellant had or could have had for ascertaining whether or not the pole was safe. It further pleaded (fifth) the contract between it and the San

Antonio Street Railway Company, the substance of which is stated in our conclusions of fact; that appellant was not authorized by the contract to place its wires upon the poles of the other company, but they were placed there by mistake of its employes; that when the San Antonio Street Railway Company discovered that the wires had been placed on its poles, it demanded a rental for the use of its poles in support of said wires, which demand was acquiesced in by appellant, and rent paid by it to said street railway company for the use of said poles up to December 2, 1895, when it ordered the removal of the wires as aforesaid, and while removing same, appellant Dixon was injured; and that if there was any liability resting on either company to him for injuries, it was upon the San Antonio Street Railway Company. It prayed, in the event that Dixon recovered judgment against it, that it have judgment over against the other company for such amount as might be so recovered.

The San Antonio Street Railway Company answered, first, by adopting the answer of the San Antonio Edison Company as to the matters pleaded to Dixon's cause of action; second, by general and special exceptions to the cross-action of appellant; third, a general denial; and fourth, by special answer alleging facts showing that it owed no duty to Dixon, and was in no way responsible for his injuries.

The cause was tried before a jury and resulted in a verdict and judgment for Dixon against appellant for $3000, and a verdict upon a peremptory instruction in favor of the San Antonio Street Railway Company against Dixon, and also in favor of the San Antonio Street Railway Company against appellant's cross action. From this judgment this appeal is prosecuted, and the appellee has filed cross-assignments of error.

*Conclusions of Fact.*—On and prior to December 28, 1895, each of the street railway companies aforementioned owned and operated an electric street railway on Pine Street, in the city of San Antonio, Texas, their respective railways running parallel to each other on said street, and for the purpose of operating their railways the companies had constructed and maintained on Pine Street a number of poles on either side thereof, each pole being about twenty-five feet high, and placed at intervals of about 100 feet apart on either side of the street opposite each other. Span wires were stretched from the top of pole to pole across the street, and from these wires were suspended the trolley wires for operating the cars of the respective companies. The poles and span wires were used jointly in supporting the trolley wires of the respective companies.

On the top of the poles on the western side of the street was attached by wooden brackets a feed wire owned and used by appellant for supplying its trolley wire with electricity.

The poles on both sides of the street were placed there prior to August 3, 1893, by appellant, whose corporate name was then the Citizens Electric Power and Street Railway Company. On August 3, 1893, by an agreement in writing executed by both companies, the Citizens Electric Power and Street Railway Company (now appellant) transferred to the San

Antonio Street Railway Company all the poles on the west side of Pine Street, and one-half of the span wires attached thereto up to the center of the street, and it was agreed between them that the San Antonio Street Railway Company should maintain and keep in repair the poles on the west side of the street, and the west half of said span wires, and that said poles and said span wires were to be used in common between both companies in the conduct of their respective street railway systems. In this contract the appellant retained its property in the poles on the east side of the street, and agreed to maintain and keep them in repair, together with the wires attached to them, so that they would at all times be in a condition for use in common between the parties. Each company agreed to do everything in its power to facilitate in every manner possible the friendly operation of cars upon its respective track over and along Pine Street, and it was stipulated that whenever either party should fail and neglect to do everything incumbent upon it to do by the terms of the contract, the other party might, at its option, do anything proper to be done to enable the cars of both parties to be operated over and along said street to advantage, and that when either party should be compelled to do an act or incur any expense under the terms of the agreement which the other party was bound to do or pay, then the expense for doing such an act should be a debt in favor of the party who did the act or paid such expenses, against the party upon which the duty rested to perform such acts or pay such expenses, and that such debt should be immediately due and payable.

It was subsequent to this agreement that the San Antonio Edison Company placed on the poles on the west side of Pine Street the electric feed wire aforementioned, and at the time of the accident hereinafter mentioned and long prior thereto appellant had been using said poles for the support of said feed wire, and had been paying to the San Antonio Street Railway Company a yearly rental for the use of the same.

On December 28, 1895, appellee, J. W. Dixon, with other hands, was employed by appellant to take down and remove said feed wire from the poles on the west side of Pine Street, and put the same in a new position on its poles on the east side of that street. It was necessary for the appellee, in the pursuance of his employment, to climb the poles for the purpose of detaching the feed wire from the brackets to which it was attached, and for that purpose he climbed one of the poles on the west side of Pine Street, and while engaged in loosening the feed wire from the brackets at the top of the pole, it broke near its lower end, and appellee was thereby with great force and violence thrown upon the ground and seriously injured. The place where the pole broke was rotten at and from its center near to its circumference, the unsound part at that place being surrounded only by a thin shell of sound wood, through which hacks had been cut before the pole was erected. On account of its rottenness, the pole was unfit and unsafe for the purpose for which it was used, and too weak to sustain appellee's weight in the performance of his duty in taking down said wire. Its defective condition was not obvious or

patent to the eye, and appellee was unaware of it. By the exercise of ordinary care and inspection, which was appellant's duty to appellee to perform, it could, by testing the pole in the ordinary manner, have ascertained its defect and known the danger to anyone in discharging the duty it had employed the appellee to perform, and in failing to discharge its duty in inspecting and ascertaining the defect in the pole, which it could have done by the use of ordinary care, it was negligent, and this negligence was the proximate cause of appellee's injury. The appellee was guilty of no negligence contributing in any way to the accident. By reason of said negligence of appellant, the appellee J. W. Dixon was damaged in the sum of $3000.

Appellee had been informed before he climbed the pole that it was owned by the other company. It does not appear that appellant notified the San Antonio Street Railway Company of its intention to remove the wire, or that said company was aware that such work was being done.

*Conclusions of Law.*—We will say in limine that as no special charges asked by appellant, save those which were given, appear in the record, we can not consider the assignments of error predicated upon the court's refusal to give special charges alleged in such assignments to have been requested. When special charges are asked and refused, they should, like any other paper necessary to a correct disposition of the case on appeal, be incorporated in the transcript.

There is no merit in appellant's assignment which complains of the court's overruling its special exception to appellee's petition. This special exception was directed to the original petition, and any defect it pointed out in that petition was cured by the third amended original petition, upon which this case was tried. The allegations in the latter petition were substantially such as are set out in our conclusions of fact, and we believe they are well pleaded and state a good cause of action.

The court, after stating the issues involved and informing the jury that the evidence was insufficient to support a verdict against the San Antonio Street Railway Company, instructed the jury as follows:

"1. That it is the duty of the defendant to exercise ordinary diligence in providing reasonably safe poles for the purposes for which they were used, for the use of its employes, so as to be reasonably safe for the use of its employes in ascending and descending the same; the defendant, however, is not bound to furnish absolutely safe poles, nor to keep them in an absolutely safe condition, but simply to use ordinary diligence in this respect.

"2. That defendant is not liable to its employes for injuries resulting from all defects in its appliances, but only such defects as are open to observation and can be discovered by an ordinarily careful inspection.

"3. That the plaintiff in accepting employment from defendant assumed all the risks ordinarily incident to his employment.

"4. That if you find from the testimony that the pole, by the breaking of which plaintiff claims to have been injured, was not the property of

the defendant, the San Antonio Edison Company, and you further find that the said pole was used by the said San Antonio Edison Company in the operation or conduct of its street railway, and you find that it was in the line of the duties of plaintiff's employment to climb said pole, then you are instructed that the said San Antonio Edison Company became liable for its condition as to plaintiff to the same extent as if it owned the pole.

"5. If you find from the testimony that plaintiff was in the employ of defendant, and while in the performance of his duties he climbed one of the San Antonio Street Railway Company's poles to take down some wire, and that while so engaged, by reason of a defect in said pole, plaintiff was thrown to the ground and injured, and you further find that plaintiff had no knowledge of such defective pole, if it was defective, and by the exercise of ordinary care could not have discovered the same, and you further find that said pole was used by the said San Antonio Edison Company in the operation of its street railway, and you further find that the defendant company did know, or by the exercise of ordinary care could have known, of such defect, if any, and you find that said defendant was guilty of negligence in not using ordinary care in providing ordinarily safe poles for plaintiff to climb, and you further find that plaintiff was not guilty of negligence in climbing said poles and removing said wires, then you will find for plaintiff.

"6. If, however, you find from the testimony that plaintiff was not injured, or if injured, that said injuries were the result of his own negligence, or if you find that plaintiff knew, or by the exercise of ordinary care could have known, of the defective condition of said pole, if it was defective, or if you find that the defendant did not know, and by the exercise of ordinary care could not have known, of such defects in said pole, if any, then you will find for defendant.

"Negligence within the meaning of this charge is the failure to use ordinary care; ordinary care, as used in this connection, means such care as a reasonably prudent person would use under like circumstances.

"7. With reference to the cross-action filed herein by the San Antonio Edison Company against the San Antonio Street Railway Company, the court instructs you that if you find from the evidence before you that at the time of the accident in which the plaintiff was injured, if you find he was injured, the pole or poles upon which he was injured was the property of the San Antonio Street Railway Company, and you further find that by reason of any contract or agreement existing between the San Antonio Edison Company and the San Antonio Street Railway Company, it was the duty of the latter company to keep said pole in repair and proper condition for the uses to which it was put, and you further find from the evidence that it neglected to exercise ordinary care to keep said pole in proper repair for the uses to which it was put, and that it was being so used at the time of the alleged injury, and that said neglect caused the accident in which the plaintiff was injured, if you find he was injured, then the court instructs you that the defendant San Antonio Edison

Company is entitled to judgment over against the defendant the San Antonio Street Railway Company in the event you find in favor of the plaintiff against the San Antonio Edison Company under the instructions herein given you, and you will so find by your verdict.

"Should you find for plaintiff under the foregoing instructions, then, in measuring the damage, if any he has sustained, you may take into consideration the time necessarily lost, if any, by reason of his injuries, the necessary sums expended for medicine, if any, the mental and physical suffering, if any, in consequence of his injuries, and assess such sum as will in your judgment be a fair and reasonable compensation therefor.

"And if you find from the testimony that plaintiff's injuries, if any, are of a permanent character and will affect his capacity to labor in his ordinary avocation in the future, then you may, in addition to the above, allow such further sum as will in your judgment fairly compensate him for his diminished capacity to labor and earn money in the future.

"You are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony, and you will find your verdict from a preponderance of the testimony and in accordance with this charge."

At the request of the appellant company the court gave the following special instructions:

"4. In order for the plaintiff to recover in this case, the burden is upon him to show by a preponderance of evidence that the accident by which he was injured resulted from the negligence of the San Antonio Edison Company, and that the plaintiff himself, at the time of the accident, was exercising ordinary care in the discharge of his duties.

"That negligence can not be presumed from the happening of the accident, but must be proved as any other fact by the preponderance of testimony, and unless the plaintiff establishes by the preponderance of testimony that the accident was the result of negligence on the part of the San Antonio Edison Company, and that he himself was exercising ordinary care in the discharge of his duties at the time of the accident, then you will find for the defendant, the San Antonio Edison Company.

"5. It is the duty of an employer to exercise ordinary care to see that the tools and appliances used by an employe are in reasonably safe condition, and if you find from the evidence in this case that the San Antonio Edison Company did use ordinary care to see that its poles were in good condition, then the court instructs you that it was not required under the law to use any other tests than the usual and ordinary tests to discover any latent defects in its poles, if any you find existed, and if from the evidence you find that the plaintiff used ordinary care and the ordinary tests to discover the latent defects in the pole, if any you find existed, and did not discover same, then you will find for the defendant.

"7. If you find from the evidence that the defendant was only making a casual use of the pole which broke with the plaintiff, and that he knew that fact at the time of his employment, and that he was employed specially to remove the feed wire from those poles, and you further find that he had the same opportunity under the circumstances of knowing the

condition of the pole when he climbed it, as the defendant, the San Antonio Edison Company, then the court instructs you that the defendant, the San Antonio Edison Company, owes him no duty as to the inspecting of said pole, and the plaintiff assumed all risk of the pole breaking when he climbed it, and therefore can not recover in this case, and you will return your verdict for the defendant, the San Antonio Edison Company, in the event you find from the evidence the facts above set out."

The first, second, third, fourth, and fifth paragraphs of the court's general charge are made the basis of appellant's third, fourth, fifth, sixth, and eighth assignments of error. These assignments are all treated together, and the points made by them are embodied in the following propositions of appellant in its brief:

"1. The rule requiring an employer to use ordinary care to provide a safe place upon which an employe is to perform his labors, applies only to cases where employes are required by reason of their employment and in the daily discharge of their duties to go upon given premises; and Dixon having been employed to make a temporary or sporadic use of this pole, this general rule has no application. It was not the company's duty to inspect it.

"2. Dixon having accepted employment, in the performance of which he knew he would have to go a single time upon poles which did not belong to his employer, assumed the risk of the poles breaking when he climbed them."

It is a general rule that the master must have known of the existence of the danger to which the servant was exposed, or could by the exercise of reasonable care have known of it. Fordyce v. Yarborough, 1 Texas Civ. App., 260; Johnson v. Railway, 36 W. Va., 73; 14 S. E. Rep., 432; Railway v. Fry, 131 Ind., 319; 28 N. E. Rep., 989; Mahoney v. Railway, 19 N. Y. Rep., 511; Glossen v. Gehman, 147 Pa. St., 619; 23 Atl. Rep., 843; 30 W. N. C., 40; Cowan v. Railway, 150 Pa. St., 598; 25 Atl. Rep., 31; 30 W. N. C., 548; Pennsylvania Co. v. Congdon, 134 Ind., 226; 33 N. E. Rep., 795; 21 S. W. Rep., 421; Railway v. Shivell (Ky.), 18 S. W. Rep., 944; Bowers v. Railway, 4 Utah, 215; 7 Pac. Rep., 251; Railway v. Hawthorne, 3 Wash., 353; 19 Pac. Rep., 25.

The application of this rule to the facts in this case seems to have been recognized by counsel for appellant in special charges 4 and 5, asked at their instance and given by the court, and it would seem that, having invoked this rule without limitations placed upon it in their proposition under these assignments, they are precluded from calling it in question. Railway v. Sein, 33 S. W. Rep., 215. The master is bound to take reasonable care to furnish his servant with adequate materials and resources for the work he is employed to do, and we know of no rule or principle that discharges him from this duty because the work is not permanent, but is only temporary. Where a servant was killed by the breaking of a rope on a master's derrick on the first day of his using it in the master's work, the rope being two or three years old, having been exposed to the weather, and being rotten, although apparently sound, it was held that

there was evidence of the master's negligence for the jury. Baker v. Railway, 95 Pa. St., 211; 41 Am. Rep., 634. Where the defect in the materials or resources of the work are obvious and known to the servant, or he had the same opportunities of knowing that the master had, and he is injured by reason of such defects, he can not recover, for the reason that he assumed the risk in undertaking the work. But where, as in this case, the master could, by the use of ordinary care in testing the condition or strength of the pole, have ascertained its defect, and its defect was not known to appellee, and was not obvious to him, the master is guilty of a breach of duty to his servant, and is liable for the consequences of it. So far as this case is concerned, the pole from which appellee sustained his injuries must be regarded as subject to appellant's inspection. Its right to inspect it, if not expressly given, is clearly implied from the terms of the contract between it and the San Antonio Street Railway Company. It had been using the poles on Pine Street to sustain its feed wire, and had been paying rental therefor, and when it employed servants to do work which would imperil them, if the poles were unsound, it was its duty to use reasonable diligence in ascertaining the condition of the poles, and if it deemed that it did not have the right to make the necessary inspection to ascertain their condition, then it should have asked the other company to have made the necessary inspection. This it failed to do, but without attempting to discharge the duty imposed upon it by the law to its servant, sent him to a place of danger of which he was ignorant, and of which it was charged with knowledge.

. The case is entirely dissimilar from Dixon v. Telegraph Company, 68 Federal Reporter, 630, and 71 Federal Reporter, 143. In that case, in the course of the erection of a telegraph pole by the telegraph company, an occasion arose for its servant to climb the telephone pole belonging to another company, for the purpose of removing obstructing wires which hindered the erection of the telegraph pole, which the servant with others was engaged in putting up. In that case the court held that the master, under the circumstances, was not bound to inspect the telephone poles, and that the risk was incidental to the service of the plaintiff, and was assumed by him. In that case, the job of work that the plaintiff was employed to do did not have to be done on the telephone pole. His climbing the pole was simply an incident to the work, and, as it was not owned by his employer, he consequently had no right to test its soundness, and no more opportunity than the plaintiff to know its condition.

That appellee knew he would only have to go up the pole a single time did not relieve the appellant from its duty to use reasonable care in ascertaining the safety of the pole, any more than it would have been relieved from it had its servant, in the discharge of his employment, been required to ascend the pole any number of times. His chances for injury would not have been greater if his duty had required him to climb the pole a hundred different times, for the first time he climbed it he was injured by reason of its defect, and if his master had discharged its duty to him, the injury would not have occurred at all. With the exception

of the case of Dixon v. Telegraph Company, before mentioned, all the cases cited by counsel to sustain his last proposition under these assignments are cases in which the defect was obvious to the servant, or where he had the same opportunity of ascertaining the defect that his master had, who, after the exercise of reasonable diligence, had failed to discover the defect.

If there is any repugnancy to special instruction number 7, given at the request of appellant, and the main charge of the court, the same repugnancy exists between this special charge and the other special charges given at appellant's instance. The inconsistency between this special charge and the charge of the court is to our minds more apparent than real. In so far as it may be inconsistent with the main charge, we do not believe it is incorrect, for in our opinion the main charge, together with the other special charge given at appellant's request, fully, accurately, and clearly announce the law applicable to this case, and as the special charge in question was asked by appellant, and was in its favor, we do not think it should be heard to complain because it may be somewhat inconsistent with the charge which fully and accurately states the law.

It is complained in appellant's fifteenth assignment of error, "that the court erred in instructing the jury to return a verdict for the San Antonio Street Railway Company as against the plaintiff, because, under the evidence in this case, it is shown that the San Antonio Street Railway Company was the defendant against whom the plaintiff should pray for recovery, if against anyone in this case, and said instruction was calculated to and did prejudice the jury against the defendant, and its right to recover as against said San Antonio Street Railway Company." Negligence involves a breach of some duty imposed upon the party to the one complaining of it. The appellee Dixon was not the servant of the San Antonio Street Railway Company, nor was there any evidence showing that said company knew that he was employed by appellant in the service in which he was injured. It therefore owed him no duty, and appellant could have been in no way prejudiced by the charge. It is not contended by appellant in any assignment of error copied in its brief that it was entitled to a judgment over against the San Antonio Street Railway Company for the amount recovered of it by Dixon.

There is no error requiring a reversal of the judgment of the District Court, and it is affirmed.

*Affirmed.*

Writ of error refused.