GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v.
CHRISTENA CONUTESON ET AL.

Decided May 13, 1908.

**1.—Personal Injury—Contributory Negligence—Burden of Proof.**

In cases of personal injury, it is only where plaintiff's allegations or his evidence show *prima facie* negligence on his part, that it devolves upon him to show facts from which the jury upon the whole case may find him free from negligence. Evidence considered, and held not to place this burden on the plaintiff in the present case. The general rule is that the burden of proving contributory negligence is upon the party pleading it.

**2.—Contributory Negligence—Definition.**

In a suit for personal injuries the court defined contributory negligence as follows: "By the term contributory negligence is meant the want of that degree of care which an ordinarily prudent person would use under the same circumstances, which, either by itself or concurring with the negligence of defendant, if any, proximately caused the injury." Held, to contain no error of which defendant could complain.

**3.—Charge—Repetition—Practice.**

A trial court should not and can not be required to repeat a charge on any phase of a case. A special charge grouping facts considered, and held properly refused because embraced in the main charge.

**4.—Railroads—Rules—Flying Switch—Duty to Look and Listen.**

In a suit against a railroad company by the surviving wife and minor children for damages for the death of the husband and father by being run over in defendant's yards while a flying switch was being made, evidence considered, and held to justify the court in refusing to give a requested charge which would have authorized a verdict for defendant if the deceased had failed to look and listen while crossing said yards on the way to his home.

**5.—Practice—Improper Evidence, when Harmless.**

The admission of improper evidence becomes harmless when other evidence to the same effect is admitted without objection.

Appeal from the District Court of Val Verde County. Tried below before Hon. E. F. Higgins.

*Baker, Botts, Parker & Garwood, W. F. Boggess* and *John C. Cox,* for appellant.—The court erred in instructing the jury as follows:

"With reference to defendant's plea of contributory negligence, you are instructed that the burden of proof is upon the defendant to establish such plea by a preponderance of the evidence."

On the proposition that plaintiffs' testimony raised the issue of contributory negligence: International & G. N. Ry. v. Edwards, 100 Texas, 22; Texas & N. O. Ry. v. Brown, 2 Texas Civ. App., 281; St. Louis S. W. Ry. v. Branom, 73 S. W., 1064; Ft. Worth & D. C. Ry. v. Wyatt, 35 Texas Civ. App., 119; Texas & P. Ry. v. Shivers, 106 S. W., 894.

On the proposition that the charge tended to limit the jury to the consideration of evidence introduced by defendant: Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629; Denison & S. Ry. v. Carter, 70 S. W., 322; Missouri, K. & T. Ry. v. Jolly, 31 Texas Civ. App., 512; Gulf, C. & S. F. Ry. v. Robinson, 72 S. W., 70; International & G. N. Ry. v. Lewis, 63 S. W., 1091; Texas & P. Ry. v. Reed, 88 Texas, 447.

On the proposition that plaintiffs' evidence made a prima facie case of contributory negligence: International & G. N. Ry. v. De Ollos, 76 S. W., 222; St. L. S. W. Ry. v. Boyd, 105 S. W., 519; Sanches v. S. A. & A. P. Ry., 88 Texas, 117; International & G. N. Ry. v. Edwards, 100 Texas, 22; Texas & P. Ry. v. Shivers, 106 S. W., 894; Texas & N. O. Ry. v. Brown, 2 Texas Civ. App., 281; McDonald v. I. & G. N. Ry., 86 Texas, 1.

On the proposition that this shifted the burden of proof onto plaintiffs: Denison & S. Ry. v. Carter, 70 S. W., 322; Gulf, C. & S. F. Ry. v. Shieder, 88 Texas, 152; Mo. Pac. Ry. v. Foreman, 73 Texas, 311; Gulf, C. & S. F. Ry. v. Allbright, 7 Texas Civ. App., 21; Gulf, C. & S. F. Ry. v. Scott, 27 S. W., 827; Ry. v. Spicker, 61 Texas, 427; Texas & N. O. Ry. v. Crowder, 61 Texas, 502.

The charge which instructed the jury that contributory negligence is negligence which, by itself, caused the injury complained of, was erroneous, requiring the reversal of the case; notwithstanding such definition was given in connection with another definition, inconsistent therewith, in which contributory negligence was defined as a failure to use ordinary care, which, concurring with the negligence of the defendant, caused the injury. Houston & T. C. Ry. v. Smith, 52 Texas, 184; Martin v. Texas & Pac. Ry., 87 Texas, 124; International & G. N. Ry. v. Garcia, 75 Texas, 591; Weatherford, M. W. & N. W. Ry. v. Duncan, 88 Texas, 611.

*Joseph Jones* and *George M. Thurmond,* for appellees.

NEILL, Associate Justice.—This suit was brought by Christena Conuteson, the surviving wife, and Christian Samuel Conuteson, and Adella Blanche Conuteson, the minor children, and Christian Conuteson, the father of John C. Conuteson, against the appellant railway company to recover damages for personal injuries resulting in his death, alleged to have been caused by the negligence of the defendant in running one of its switch engines over him while he was in its employ as a car repairer in its yards in the city of Del Rio. The negligence alleged was: (1) That while deceased was in the act of crossing one of the railway tracks traversing defendant's yard a string of cars was suddenly and without warning, and without having anyone on the forward car for the purpose

of keeping a lookout or of stopping it, run along and over said track, and that the forward car struck and ran over him, thereby inflicting wounds from which he died. (2) That the engine while rapidly drawing the cars over said track was cut loose from them and switched off on an adjacent track leaving the cars to rapidly run along the track plaintiff was in the act of crossing, without having anyone on the front car to keep a lookout and stop said car in time to prevent colliding with and injuring deceased. And (3) the discovery of plaintiff's position of peril in time, by the use of the means at hand, to prevent injuring him. The defendant answered by a general denial and by pleading assumed risk and contributory negligence. The trial of the case resulted in a verdict and judgment in favor of three first-named plaintiffs for $15,000, of which $7,000 was awarded to the wife and $4,000 each to the children, and in favor of defendant as against the plaintiff, Christian Conuteson.

*Conclusions of Fact.*—The city of Del Rio is and was on April 10, 1907, the terminus of a division of appellant's railroad, where it maintained in its yards a roundhouse, machine and repair shops, depot buildings and a number of tracks upon which switching was done in making and breaking up trains, operating trains, cars and engines. Between its passenger depot and repair shops there were in the yard five tracks, not including the main track which was nearest the depot, numbered consecutively from 1 to 5, No. 1 being nearest the depot and No. 5 nearest the repair shops. These five tracks lay parallel with one another between these points running east and west, but converged and terminated, at varying distances, at each end into the main track, and were each connected with the other with a switch or lead track, which was used in running engines and cars from one to the other, and when so employed was operated by a switchman at a stand situated at a point between the repair shops and Broadway Street (called by the witnesses Main Street) which crosses these tracks at right angles at a distance of about 360 feet from a point opposite the car shop.

Rule 339 of the company regarding switching is as follows: "Running or flying switches must not be made, except where it would cause great delay to do the work in any other manner; and whenever they are made, the train must first be stopped and before the engine is again started the switch and also the brakes on the cars to be set out must be tested and great care used. Running or flying switches must not in any case be made at or over any public road or street crossing." This rule was in force and generally observed and a "running or flying switch" was rarely made in defendant's yards at Del Rio. No delay, such as would fall under the exception provided for, would have occurred had the switching on the occasion under consideration been done in the ordinary way without making the running or flying switch.

John C. Conuteson, who was the husband of Christena and the father of the two other appellees, was employed as a car repairer in appellant's yards at Del Rio at the time before stated. His domicile was situated some distance southwest from the repair shops, and in going home therefrom he had to cross all of the tracks above described in appellant's yard. There was no road or street through the yard giving him means of egress from the repair shops or ingress thereto from his residence.

In consequence, he, as well as other employes, whose homes were similarly situated, necessarily had to take their way home through the yard across the railroad tracks above mentioned.

At or about the hour of noon on the day stated Conuteson started from where he had been at work in the repair shop to his home for his dinner, taking his usual traveled path across the yard, which appellant and its employes operating its switch engine knew was daily traveled by him and others going to and from their work. About the time he started, one of appellant's switch engines with four box cars and a caboose attached thereto backed past him, the cars being pushed across Broadway or Main Street. The engine then pulled the cars onto track No. 4, when the cars were cut loose or dropped from the engine, the switch thrown and it ran rapidly ahead on to track No. 3, until it had passed far enough for the switch to be again adjusted to track No. 4, upon which the cars cut loose from it remained. Thus making what is known in railroad parlance as a "flying or running switch," called by some a "drop switch," which is the kind of switch inhibited by rule 339, before stated. The engine then ran some little distance on track No. 3 west from a point opposite the southeast corner of the repair shops from which Conuteson was going from his work by his usual path home to his dinner. His attention had been directed to the switch engine by the ringing of its bell and by the noise it made in letting off steam and while he was watching the engine for the purpose of avoiding coming in collision with it, and unaware of the presence and movement of the four box cars on track 4, he stepped on that track, and just as he did so he was struck by the front car, which had no one on its front end to keep a lookout for such of appellant's employes or others who might be crossing its yards at that hour by their usual course in going to their homes for dinner, knocked down, run over, his foot and leg crushed, mangled and wounded, from which wounds he died on the next day.

From these facts we conclude: (1) That the appellant was negligent in making such flying or running switch, and in not having some one on the front end of the forward car to warn persons who were rightfully crossing the switch tracks in the yard, as was the deceased at that time, of the approach of said cars, which were noiselessly running down said track of their own momentum; (2) that such negligence was the proximate cause of Conuteson's death; (3) that he was not guilty of any negligence proximately contributing to his injury; (4) that his being knocked down, run over and killed by the car did not result from a risk assumed by him as ordinarily incident to his employment in appellant's service; and (5) that by reason of his death, so caused by appellant's negligence, the wife and children were damaged pecuniarily in the amount found by the jury.

*Conclusions of Law.*—1. There was no error in the court's instructing the jury that the burden was upon the defendant to establish its plea of contributory negligence by a preponderance of evidence. It is only in cases where plaintiff's allegations or his evidence show *prima facie* negligence on his part, that it devolves upon him to show facts from which the jury, upon the whole case, may find him free from negligence. Gulf, C. & S. F. Ry. v. Shieder, 88 Texas, 152; Dalwigh v. International

& G. N. R. Co., 42 S. W., 1009; Lewis v. Houston Elec. Co., 39 Texas Civ. App., 625; Gulf, C. & S. F. Ry. Co. v. Booth, 97 S. W., 130; Texas & N. O. Ry. Co. v. Conway, 98 S. W., 1073; Gulf, C. & S. F. Ry. v. Howard, 96 Texas, 582; Pares v. St. Louis S. W. Ry., 57 S. W., 301. We have no such case in the one under consideration. Here we have a man shown to be in the exercise of his senses and faculties to protect him against being run over by an engine, and who has been thrown off his guard against a danger of which he was unaware, resulting from defendant's making a flying switch, against the rule and custom, and permitting cars to run down the track of their own momentum, without having a man on the front end of the forward car to give warning of its approach, which is the worst kind of negligence, creating a danger that one in the exercise of ordinary care could not reasonably anticipate nor be expected to guard himself against when, in utter ignorance of it, his attention has been directed to a moving engine upon a track which he is about to cross, and which it behooves him to guard against being injured by its movements.

2. The second assignment of error complains of the refusal of the court to instruct the jury at defendant's request that it devolved upon plaintiffs to show by a preponderance of the evidence that deceased was not guilty of negligence which contributed to his injuries and death. The charge reverses the general rule that it is incumbent upon the defendant to prove his plea of contributory negligence. And as we have held in passing upon the preceding assignment that his case does not come within the exception to the rule, the charge was properly refused.

3. The third assignment of error, which complains of the court's refusal to peremptorily instruct a verdict for the defendant, is disposed of adversely to appellant by our conclusions of fact. And so is the fourth, which complains of the court's refusal to grant a new trial upon the ground that the verdict is contrary to the law and the evidence.

4. There was no error in the court's charge in defining contributory negligence, as is complained of by the fifth assignment of error, such as could have in any way possibly injured the defendant.

5. There was no error in the court's refusal of special charge No. 11, complained of by the sixth assignment. While it is the right of a party to prepare and have given a special charge requiring the jury to find whether the evidence establishes a specific group of facts, which, if true, would establish a ground of recovery or a defense pleaded; but if the main charge of the court, in a separate paragraph, embraces the entire group of facts, excluding none, nor including more than properly belong to the group, contained in the special charge, and affirmatively instructs the jury to return a verdict for the party complaining of the refusal of the special charge if the evidence establishes such group of facts, as does the court's general charge in this case, the court is not required to give a special charge which is merely a repetition of an unqualified paragraph in the charge already given. In other words, the trial court should not and can not be required to repeat a charge on any phase of a case.

Nor did the court err in refusing special charge No. 12 requested by the defendant. Such charge would, if given, have authorized the jury to find for the defendant if the deceased failed to look and listen for an

approach of cars which he could not, under the facts and circumstances, have reasonably anticipated being on the track he was about to cross. He did look and see the engine beyond him, on the next track, and knowing that it was the only switch engine operating in the yard, he had the right to rely upon the observance of the rule inhibiting making a running or flying switch, and shunting and letting cars run down the tracks of their own momentum; and was, consequently, not required to anticipate such negligence nor take any precaution against it, as long as he was in ignorance of its existence. An individual can no more be held responsible for the consequences of a danger that he could not reasonably be expected to foresee and guard against, than can a railway company or other corporation.

6. While we think the statement made by deceased to Dr. Borne, the admission of which in evidence is complained of in the eighth assignment, was *res gestae*, because made within a few minutes after the accident occurred, while he lay near the place where he was wounded —though he had been placed upon a cot (Galveston, H. & S. A. Ry. v. Davis, 27 Texas Civ. App., 279; International & G. N. Ry. v. Hagen, 100 S. W., 1001), yet, if it were not, defendant was not injured by the admission of Dr. Borne's testimony as to it; for Thumm, to whom the declaration was made in the presence of the doctor, testified to it without objection.

There is no error in the judgment requiring its reversal and it is affirmed.

*Affirmed.*