## A. W. MAY v. MAX HAHN.

Decided December 9, 1899.

**1. Damages—Verdict Too Small.**

Where, in an action for damages resulting from a collision of vehicles, plaintiff proved actual damages for repairs, medicines, doctor's bills, and nursing to the amount of $177, to say nothing of the physical and mental suffering of his wife, who, from injuries so received, was confined to her bed for several weeks, a verdict for only $84 should be set aside.

**2. Argument of Counsel—Limitation of Time.**

The right to be heard by counsel is a legal one, and a limitation of the time of argument to thirty minutes is commented on as unreasonable, and as having probably prejudiced plaintiff's case by leading the jury to think that the court regarded plaintiff's claim as of light consequence.

**3. Negligence—Charge of Court—Driving Vehicle.**

In an action for injuries resulting from a collision of vehicles on the street the court's charge should define negligence, and, under appropriate evidence, instruct that if defendant's driver caused the collision by violating the ordinance of the city governing the speed, manner of driving, right of way, etc., and thereby inflicting injuries upon plaintiff, he should recover.

APPEAL from Dallas. Tried below before Hon. RICHARD MORGAN.

*A. W. May* and *L. M. Callaway*, for appellant.

FINLEY, CHIEF JUSTICE.—This is a suit instituted by A. W. May against Max Hahn to recover damages on account of personal injuries sustained by himself and wife. It is alleged that such injuries were re-

ceived by them in being thrown from the buggy in which they were riding along a street in the city of Dallas in a collision with vehicles of defendant, and that this collision was caused by the negligence of defendant. Defendant denied generally and pleaded contributory negligence. The case was tried and resulted in a verdict and judgment for the plaintiff for $84 ,and from this judgment the plaintiff has appealed.

1. The verdict of the jury determines that the collision of vehicles was caused by the negligence of the driver of defendant's team, and that plaintiff was not guilty of contributory negligence. The only remaining issue was the amount of damages sustained by the plaintiff, and this the jury fixed at $84. The uncontradicted evidence showed that plaintiff paid out for repairs on his buggy $22.65; that he paid $5 for a carriage to take his wife home on account of the collision; that a physician's services were required for his wife and were procured at a cost of $25; that he had to buy an electric battery and appliances for the treatment of his wife, costing $50; that he paid for medicines and bandages $25, and that his services in nursing his wife were reasonably worth $50. These items aggregated $177.65. It was shown that the wife received injuries which caused mental and physical suffering, confining her to her bed for four or five weeks, that her injuries made the medical treatment necessary, and that she is still a sufferer from such injuries and has to take medicines. It was also shown that the plaintiff himself received slight injuries to his person. The verdict of the jury gives as compensation for these injuries less than half the expense account proven up. If plaintiff is entitled to recover at all in the case, the amount awarded should be compensatory and reasonably adequate to the injuries sustained. The verdict should have been set aside upon the motion for new trial.

In connection with the complaint that the verdict is inadequate, and in this particular contrary to the evidence, we will consider the action of the court in limiting the plaintiff's counsel to thirty minutes in which to present the opening and closing argument of the case to the jury. We would be very slow to interfere with the discretion of the trial court in such matters, and the action of the court would have to amount practically to a denial of the right to argue the case before the jury before we would feel disposed to treat it as a reversible error. The right to argue the facts to the jury is a legal right, and must not be denied. Rev. Stats., art. 1299; Nesbitt v. Walters, 38 Texas, 576. The limitation placed upon the right of argument in this case will not be held reversible error, but it may have had a hurtful effect in causing the jury to think the court regarded the plaintiff's claim for damages as being of light consequence, and in this view, we suggest that greater liberality in time for argument should have been extended to counsel.

2. The charge of the court did not define negligence, and special charges were asked directed to this feature of the case. In view of the verdict for plaintiff, this would not be reversible error; but as the case must be again tried, we direct attention to this defect in the charge.

Negligence should have been defined, and the plaintiff was also entitled to a charge to the effect that if defendant's driver caused the collision by violating the ordinance of the city governing the speed, manner of driving, right of way, etc., and thereby inflicted injuries upon plaintiff and his wife, or either of them, plaintiff should recover. In this connection we will notice another complaint at the charge. The charge undertakes in the outset to state the occasion of the injury, and uses such generality in expression as fails fairly to present the plaintiff's case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*