COOPER v. ROBISCHUNG BROS.

(Court of Civil Appeals of Texas. Galveston. March 15, 1913. Rehearing Denied April 10, 1913.)

1. MASTER AND SERVANT (§ 291*) — ACTION FOR INJURIES — ISSUES — SAFE PLACE TO WORK.

Where the evidence in a servant's action for injuries was that his master was installing bathtubs in a building in which the contractor had constructed elevators with scaffolds or platforms on the ground floor level over the cellar excavation, and that plaintiff's employer with the consent of the contractor used such scaffolds which gave way and injured plaintiff, and there was evidence also that he was injured by stepping off the scaffold, the case was properly submitted on the theory that the rule requiring a master to use ordinary care to furnish a servant a reasonably safe place in which to work was applicable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

2. PLEADING (§ 205*)—GENERAL DEMURRER— EFFECT TO STRIKE OUT GENERAL DENIAL.

A general demurrer to an answer, however faulty the answer, should not be sustained when to do so would have the effect to strike out a general denial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–493, 495, 496, 498–510; Dec. Dig. § 205.*]

3. APPEAL AND ERROR (§ 725*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error in refusing to sustain plaintiff's several special exceptions to defendant's answer was too general to require consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3002–3005; Dec. Dig. § 725.*]

**4. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—REPETITION.**

Where a witness in a servant's action for injuries had testified fully as to the character and condition of the scaffold which gave way, the exclusion of a question asking him to describe how it was made and whether it was secure or weak, to which he would have answered that it was not safe, was not error, since the question elicited nothing new.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

**5. APPEAL AND ERROR (§ 728*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.**

An assignment of error in the exclusion of evidence which, together with the bill of exceptions, does not show the answer excluded, presents no error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3010–3012; Dec. Dig. § 728.*]

**6. MASTER AND SERVANT (§ 106*) — ACTION FOR INJURIES—ADMISSIBILITY OF EVIDENCE—DEFENDANT'S CONTROL.**

Where a master owes to a servant the duty of exercising ordinary care to furnish him a reasonably safe place to work, he cannot be heard to say, in justification of a failure to discharge such duty, that he did not control the place where he had put the servant to work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 193–198; Dec. Dig. § 106.*]

**7. APPEAL AND ERROR (§ 1053*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.**

In a servant's action for injuries, where the court instructed that the master owed him the duty of exercising ordinary care to furnish a reasonably safe place to work, error in the admission of evidence that the master did not control the servant's place of work was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4178–4184; Dec. Dig. § 1053.*]

**8. MASTER AND SERVANT (§ 205*)—ASSUMPTION OF RISK—RELIANCE ON CARE OF MASTER.**

A servant is not bound to use ordinary care to see whether the master has discharged his duty of using reasonable care to furnish him a safe place to work, but has the right to assume that the master has discharged such duty; and hence does not assume the risk arising from the master's failure to perform such duty unless he knows that the place is dangerous or, in the exercise of ordinary care, must necessarily have acquired such knowledge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 547–549; Dec. Dig. § 205.*]

**9. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.**

An instruction that contributory negligence means such an act or omission on the part of the plaintiff, amounting to a want of ordinary and proper care, as concurring with some negligent act of defendant was the proximate cause of the injury, while not technically correct, because charging that the omission must amount to the want of both "ordinary" and "proper" care, was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

**10. TRIAL (§ 112*) — ARGUMENT — LIMITING TIME OF ARGUMENT.**

In a servant's action for injuries, in which 18 witnesses, including the plaintiff, were examined, and the testimony on several material issues was conflicting, the action of the trial court in limiting the time of plaintiff's counsel for the opening and closing to 30 minutes, and in stopping him at the expiration of 40 minutes, was an improper exercise of the court's power to limit the time of argument, and reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 273, 274; Dec. Dig. § 112.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by William Cooper against Robischung Brothers. Judgment for defendants, and plaintiff appeals. Reversed.

Dowell & Dowell, of Houston, for appellant. W. L. Cook, of Houston, for appellees.

McMEANS, J. William Cooper brought this suit against Robischung Bros. to recover damages for personal injuries sustained by him while in the employment of defendants. A trial before a jury resulted in a verdict and judgment for defendants. Plaintiff has appealed.

[1] The evidence shows that the defendants were engaged in installing bathtubs in the Bender Hotel in the city of Houston which was then being constructed by the Fred A. Jones Building Company under a contract with the owners. In order to carry heavy material from the ground floor to the upper floors, the Fred A. Jones Building Company had constructed two elevators, and to reach these elevators from the street had constructed scaffolds or platforms on the ground-floor level, over an excavation for the basement which extended under the sidewalk. Robischung Bros., in order to get the bathtubs up to the various floors of the structure, acquired the consent of the Fred A. Jones Building Company to use these elevators and the scaffolds upon which they were approached, and it was while plaintiff, as an employé of defendants, was assisting in moving a bathtub over the scaffold, he, as he claims, was hurt. There was evidence which justified a finding that while plaintiff was so engaged one of the planks of the scaffold gave way, allowing his foot and part of his body to go through, by reason of which he sustained injuries. There was also evidence which justified a finding that plaintiff was injured by his stepping off the scaffold, and that the plank did not give way under him, and that he was not hurt in the manner claimed by him. The court submitted the case to the jury on the theory that the rule requiring the master to use ordinary care to furnish to his servant a reasonably safe place in which to perform the service was applicable under the facts, and we think that in this respect the court was correct. Pacific Ex-

press Co. v. Shivers, 41 Tex. Civ. App. 291, 92 S. W. 46; San Antonio Edison Co. v. Dixon, 17 Tex. Civ. App. 320, 42 S. W. 1009; G., C. & S. F. Ry. Co. v. Delaney, 22 Tex. Civ. App. 427, 55 S. W. 538.

Appellant has presented 42 assignments of error, many of which are without merit, and all of them are overruled except those hereinafter expressly sustained.

[2] The first assignment, complaining of the refusal of the court to sustain his general demurrer to defendants' amended original answer, should not be sustained, because the answer, among other things, contained a general denial, and it will be hardly contended with any seriousness that a general demurrer to an answer, however faulty it may be, should be sustained, when to do so would have the effect to strike out the general denial.

[3] The second assignment, which complains of the refusal of the court to sustain the plaintiff's special exceptions to defendants' answer, there being several of such exceptions, is too general to require consideration, as has often been held by the appellate courts of this state.

[4] The witness W. H. Smith, testifying by deposition, was asked by plaintiff: "You will describe just how said scaffold was made; what, if any, was its formation and character, how put together and nailed, and whether securely, or weak and bad." This question and the answer thereto were objected to by defendants on the grounds that it was irrelevant and immaterial, and the answer was a conclusion of the witness. Had he been permitted to testify, he would have answered, "Have answered that it was not good and safe." This point is raised by appellant's sixth assignment. An examination of this witness' testimony discloses that in answer to previous questions he had testified fully as to the character and condition of the scaffold, and nothing new was elicited by the question objected to. This may also be said as to other testimony of this witness, which was in like manner excluded, and of which complaint is made in the eighth and ninth assignments, and also of the testimony of the witness W. M. Jones, which was also excluded on the defendants' objection, and of which complaint is made in the twelfth assignment.

[5] The thirteenth assignment, complaining of the exclusion of other testimony of the witness Jones, points out no error, in that neither the assignment nor the bill of exceptions taken to the action of the court in excluding it shows what the answer of the witness was that was excluded, but only shows the answer that was admitted.

[6, 7] G. J. Robischung, one of the defendants, testified that he had no control whatever over the scaffold on which plaintiff was hurt, and none over the elevator, and that he had no authority to alter the conditions existing there. This testimony was admitted over the objection of plaintiff that it was immaterial. If, in doing the work in which the plaintiff was then engaged, the defendant owed to him the duty of exercising ordinary care to furnish him a reasonably safe place to work, we think he cannot be heard to say, in justification of the failure to discharge this duty, that he did not control the place where he had put the servant to do the work assigned to him, or that he had no right to alter the conditions existing there. We think the objection should have been sustained; but, in view of the court's charge which imposed on defendants the duty above referred to, we hardly think the error in admitting the testimony was so harmful as to require a reversal.

[8] The court charged the jury that: "Where one accepts employment from another, he assumes all risks ordinarily incident to the business he undertakes to perform, and the servant is under the obligation, and it is made his duty, to use ordinary care to prevent injury to himself; and if the place furnished the servant in which to work. was dangerous, or if the material used in the construction of said place was in any way defective, and the servant had knowledge of such fact, or by the use of ordinary care could have ascertained same and failed to do so, then he assumes all risks incident or pertaining thereto, and in the event of injury could not recover." The giving of this charge is complained of by appellant in his thirty-first assignment of error. The vice in it is the instruction that, if the servant by the use of ordinary care could have ascertained that the place in which he was put to work was dangerous or that the material used in the construction of the place was in any way defective, he assumed the risk and could not recover. This charge was erroneous in that it imposed upon the appellant the duty of using ordinary care to see whether the master had discharged the duty resting upon him to use the care required by law to furnish him a reasonably safe place to work, whereas it is the law that the servant has the right to assume that the master has discharged his duty in this regard, and does not assume the risk arising from the master's failure to perform his duty, unless he knows that the place is dangerous, or in the exercise of ordinary care in performing his work must necessarily have acquired the knowledge. In Railway v. Hannig, 91 Tex. 351, 43 S. W. 510, the Supreme Court, stating the doctrine, uses this language: "He (the servant) does not assume the danger arising from the failure of the master to do his duty, unless he knows of the failure and of the attendant risks, or in the ordinary discharge of his own duty must necessarily have acquired the knowledge." The doctrine as above stated is quoted with approval by this court in Railway v.

Davidson, 49 Tex. Civ. App. 88, 107 S. W. 951, and in this case the following rule, laid down in Bonnet v. Railway, 89 Tex. 76, 33 S. W. 335, is quoted: "To sum up: It is negligent for the master to subject his servant to a risk not ordinarily incident to the employment, unless the extraordinary hazard be obvious to the servant, or he, in some manner, be apprised of it." The following cases are also in point: Railway v. Harris, 48 Tex. Civ. App. 434, 107 S. W. 110; Railway v. Rea, 99 Tex. 58, 87 S. W. 324; Railway v. Baker, 58 S. W. 966; Peck v. Peck, 99 Tex. 14, 87 S. W. 248. The error in giving the charge requires a reversal of the judgment.

[9] The court defined "contributory negligence" as follows: "Contributory negligence, as used in this charge, and in its legal signification, means such an act or omission on the part of the plaintiff, amounting to a want of ordinary and proper care, as, concurring or co-operating with some negligent act of defendants, is the proximate cause of the injury complained of." The complaint is made that it was error to charge that the act or omission must amount to the want of both "ordinary" and "proper" care. We do not think that this assignment presents reversible error, although the charge is not technically correct. No doubt upon another trial a proper definition of the term "contributory negligence" will be given.

[10] This brings us to the last assignment we shall discuss. The court, over objection of appellant, limited the time of his counsel for the opening and conclusion of argument to 30 minutes. After making his opening argument and while concluding, the court required appellant's counsel to stop, stating at the time that he had extended the time 12 minutes, making 42 minutes in all for his opening and concluding argument. This action of the court was excepted to and is complained of by appellant in his forty-second assignment of error. Eighteen witnesses, including the plaintiff, were examined; and some of them, in fact most of them, testified at considerable length, and the testimony on many material points and upon several issues was conflicting. The power of the court to limit the time counsel shall occupy in addressing the jury is undoubted, and its duty to so limit it in many cases may be admitted. But we think that in this case, in view of the large number of witnesses that were examined, the conflict in their testimony, and the necessity of proper analysis of the evidence, the time allowed the appellant's counsel was not sufficient for the proper presentation of his case and for the analysis of the testimony, and that therefore the power to limit was not in this instance properly exercised, and for this reason also the judgment should be reversed. May v. Horn, 22 Tex. Civ. App. 365, 54 S. W. 416; Nesbitt v. Walters, 38 Tex. 576; 2 Cyc. of Pl. & Pr. p. 699.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.