FIRST STATE BANK OF BLACKWELL v. KNOX. (No. 8085.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 23, 1915.)

1. APPEAL AND ERROR ⬥731 — ASSIGNMENT OF ERRORS — SUFFICIENCY — LACK OF EVIDENCE.

An assignment of error that complains that the verdict is contrary to the law and evidence because there is no evidence to establish a fact necessary to sustain the verdict and judgment is sufficient, though one which merely charges that the evidence was insufficient to establish such fact is not a sufficient assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021; Dec. Dig. ⬥731.]

2. FRAUDULENT CONVEYANCES ⬥ 295—EVIDENCE—SUFFICIENCY—INTENT.

In trespass to try title, evidence *held* sufficient to support a special verdict finding that the deed under which an intervener claimed was executed by defendant without consideration and with intent to defraud his creditors.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 867–875; Dec. Dig. ⬥295.]

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. PLEADING ⬅180 — SUPPLEMENTAL PETITION—NEW CAUSE OF ACTION—FRAUDULENT CONVEYANCE.**

Where an intervener in trespass to try title claimed the property under a deed from defendant, a supplemental petition, alleging that the deed was executed to defraud defendant's creditors, did not state a new cause of action, since the office of a supplemental petition is to reply to defendant's answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 358–384; Dec. Dig. ⬅180.]

**4. TRESPASS TO TRY TITLE ⬅33—PLEADING—SUPPLEMENTAL PETITION.**

Though, under Vernon's Sayles' Ann. Civ. St. 1914, art. 7740, all evidence except as to limitations may be offered without further pleading where defendant in trespass to try title pleads not guilty, where the defense specifically pleads a conveyance to defeat plaintiff's title, the latter may by supplemental petition allege any facts that establish the superiority of his title over such conveyance.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 42–49; Dec. Dig. ⬅33.]

**5. FRAUDULENT CONVEYANCES ⬅266 — PLEADING—INDEBTEDNESS TO PLAINTIFF.**

Where an intervener in trespass to try title pleaded a conveyance by defendant to him, plaintiff, in his supplemental petition charging that the conveyance was intended to defraud defendant's creditors, might properly allege that at the time the conveyance was made defendant was indebted to him; since the rights of a creditor whose debt accrues prior to an alleged fraudulent conveyance may be superior to those of a subsequent creditor.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 782, 784–788; Dec. Dig. ⬅266.]

**6. APPEAL AND ERROR ⬅1040 — HARMLESS ERROR—RULINGS ON PLEADINGS.**

Error in overruling an exception to a supplemental petition which sought to allege res judicata was harmless, where no evidence was admitted on that issue, and it was not submitted to the jury.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. ⬅1040.]

**7. PLEADING ⬅11—EVIDENCE—INTENT.**

An exception to an allegation in the supplemental petition setting up fraud in the conveyance under which intervener claimed that defendant had conveyed other property to the intervener's predecessor at the same time and for the same purpose, and that he had been sued by various persons at about that time, was properly sustained, since the allegation was a pleading of evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. ⬅11.]

**8. EVIDENCE ⬅135—SIMILAR FACTS—FRAUD—INTENT.**

Notwithstanding the striking of such allegation, evidence of those conveyances and suits was admissible to show fraudulent intent in making the conveyance under which the intervener claimed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 392, 394, 404, 405; Dec. Dig. ⬅135.]

**9. APPEAL AND ERROR ⬅664 — QUESTIONS REVIEWABLE — ADMISSION OF EVIDENCE — NECESSITY OF EXCEPTIONS.**

Where a qualification by the trial court of a bill of exceptions to the admission of evidence states that the stenographer's record does not show an exception reserved to the admission of evidence, an assignment of error thereon will be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2856–2859; Dec. Dig. ⬅664.]

**10. APPEAL AND ERROR ⬅548 — QUESTIONS REVIEWABLE—REMARKS BY COURT—BILL OF EXCEPTIONS.**

Where no bill of exceptions was reserved covering a comment of the court in excluding evidence, an assignment of error to such comment could not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. ⬅548.]

**11. FRAUDULENT CONVEYANCES ⬅286—EVIDENCE—ADMISSIBILITY.**

Great latitude should properly be allowed by the trial court on the issue of fraud in making a conveyance.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 822–825, 827–834, 863–866; Dec. Dig. ⬅286.]

**12. TRIAL ⬅29 — REMARKS BY COURT — ADMISSION OF EVIDENCE.**

Remarks by the court in overruling an objection to the admission of evidence to show a fraudulent conveyance, to the effect that "when fraud is alleged gaps are thrown down and sometimes evidence is not admissible under an allegation of fraud," and also that the evidence "is close enough to inquire into," and that "a party cannot attempt to make the case out all at once; it has to be done by piecemeal," were not improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 80–83, 508; Dec. Dig. ⬅29.]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Trespass to try title by J. B. Knox against John R. Daniel, in which the First State Bank of Blackwell, Tex., intervened, claiming the property. Judgment for plaintiff, and the intervener appeals. Affirmed.

Beall, Smith & Spencer, of Sweetwater, for appellant. Eugene De Bogory, of Abilene, for appellee.

BUCK, J. This suit was instituted on August 16, 1913, by the appellee, J. B. Knox, against John R. Daniel, in the district court of Taylor county Tex., on a petition of trespass to try title, in which appellee alleged that theretofore, to wit, on or about the 1st day of November, 1912, he was lawfully seised in and possessed of an undivided one-half interest in and to the northwest quarter of section No. 29, block No. 19, Texas & Pacific Railway land in Taylor county, Tex., and that on that day said John R. Daniel entered upon said premises and ejected appellee therefrom, alleging damages in the sum of $5,000. On March 23, 1914, the First State Bank of Blackwell, Tex., appellant herein, filed its plea of intervention, alleging that it had acquired all the right, title, and interest in and to said land, which had formerly belonged to said J. R. Daniel, by virtue of a deed of conveyance from said John R. Daniel and wife, dated February 18, 1914, and was entitled to defend said suit in the name

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the said Daniel, and prayed that it be so allowed, which leave was by the court granted.

Intervener further alleged that it was the owner in fee simple of said land by virtue of the deed aforesaid from John R. Daniel and wife, and that it paid a good and valuable consideration therefor, in that said John R. Daniel was indebted to said bank in the sum of $5,210.80, evidenced by two promissory notes, and that, in the partial payment of said notes, the bank accepted the deed to said land.

Intervener further alleged that on, to wit, January 19, 1914, said defendant John R. Daniel being indebted to intervener in the sum above mentioned, and suit having been filed by intervener on said indebtedness, and writ of attachment having been issued and levied on the property in controversy, that he (said Daniel) through his attorney, began negotiations with said intervener for the settlement of said suit, and proposed to deed to intervener the land in controversy, and represented to it that he was the legal and equitable owner of said land in fee simple, and that, acting upon this representation, said intervener agreed to take title to this land for a full and fair consideration.

It was further alleged by intervener that it was the owner in fee simple of the land in controversy, holding the same by duly executed deed from the said John R. Daniel and wife, and that the said John R. Daniel and wife held the same under a valid deed from J. W. Daniel and wife, and that, premises considered, intervener ought to take the same free from any claim of the plaintiff, because, as alleged, that the title under which plaintiff claimed the same was not such a title as should sustain a suit in trespass to try title, but that the same was based upon a void levy of execution upon this land long after the defendant John R. Daniel had taken title to same from his father, J. W. Daniel.

It was further alleged that the deed from J. W. Daniel and wife to John R. Daniel was executed on the 9th day of October, 1911, conveying a one-half interest in same, and on the 21st day of February, 1911, a deed was executed by J. W. Daniel and wife to said John R. Daniel conveying the other one-half interest, and that both such conveyances were prior to the execution under the writ by plaintiff, which intervener alleged to be void; that both deeds from said J. W. Daniel and wife to defendant John R. Daniel recited a valuable consideration, which was paid by the said John R. Daniel for said land; that the judgment out of which the execution was issued by the plaintiff and levied upon this land was against J. W. Daniel, and not against the defendant John R. Daniel and rendered subsequent to the conveyance by said J. W. Daniel to John R. Daniel; that John R. Daniel was never a party to said suit of plaintiff against J. W. Daniel, and that the levy and sale thereunder was void, and ought not to convey such a title as would disturb the defendant John. R. Daniel in the possession of said land.

Intervener prayed that execution theretofore levied by plaintiff upon this land, and the sale thereof to plaintiff, be canceled and held for naught, and that intervener be vested with the title free from all incumbrances by reason of said levy of execution and sale, and the deed by the sheriff of Taylor county conveying an undivided one-half interest in said land to the plaintiff be canceled and held for naught. Both intervener and defendant pleaded not guilty.

The plaintiff in his first supplemental petition, after general demurrer and special exceptions and denial of various allegations of intervener's answer, pleaded that the indebtedness sued on in cause No. 3260 in the county court of Taylor county, Tex., styled J. B. Knox v. T. J. Dudley et al., accrued a long time prior to October 9, 1911, the date of the purported deed from J. W. Daniel to John R. Daniel, and that on the 21st of March, 1912, attachment was issued out of the county court of Taylor county in said cause, and executed on the 22d day of March, 1912, by the sheriff of Taylor county, by levying upon the land in controversy; that on the 16th day of April following judgment was rendered in behalf of J. B. Knox, plaintiff, against J. W. Daniel, in the sum of $629, with interest, and that on August 6th following the county clerk issued an execution in said cause, and that execution was duly executed by the sheriff of Taylor county by levying on the land in controversy, and that on the 3d day of September, 1912, after due advertisement and notice to the defendant in said cause of sale, said premises were sold by the sheriff to J. B. Knox, plaintiff; and that on August 26, 1912, defendant, John R. Daniel, filed an injunction against the plaintiff and T. C. Weir, sheriff, enjoining them from selling said property and alleging that he (John R. Daniel) was the owner of said land, and that the same should not be sold to satisfy the debt of J. W. Daniel, and that upon hearing said injunction was dissolved, and the sale of the sheriff was made subsequent to the dissolution of said injunction by the district court of Taylor county, Tex. Plaintiff further alleged that John R. Daniel, defendant in this cause, was the son of J. W. Daniel, the defendant in cause No. 3260, and that the intervener acquired a purported interest in the land in controversy subsequent to the filing of this suit of trespass to try title. Plaintiff further alleged that at the time of the conveyance by J. W. Daniel to John R. Daniel on October 9, 1911, the said J. W. Daniel was insolvent; that there was no valuable consideration passing from John R. Daniel to J. W. Daniel in said transaction, and that the recited consideration in said deed was not the true consideration, and

that, if there was a consideration passing between J. W. Daniel and John R. Daniel for said conveyance, the same was fictitious, and said conveyance was voluntary, and made for the purpose of defrauding, hindering, and delaying creditors of J. W. Daniel, and, if said consideration did pass, same was returned to John R. Daniel shortly after said sale in a manner unknown to the plaintiff, and that said conveyance was made to hinder, delay, and defraud the then existing creditors with that intent between the two Daniels, father and son. He further alleged that J. W. Daniel had inherited a large estate in Tarrant county, Tex., in 1910, and that he had conveyed this estate to his son, John R. Daniel, for the purposes above alleged, and that he owned certain property in Callahan county which he had also conveyed to his son, John R. Daniel, for the same purpose.

As to the further pleadings by plaintiff and intervener sufficient reference will be given in this opinion later to explain the issues involved. It was further agreed that J. W. Daniel was the common source of title.

The cause was submitted to the jury on special issues, the jury finding: First, that such conveyance from J. W. Daniel to John R. Daniel was made for the purpose and with the intent on the part of said J. W. Daniel to hinder, delay, and defraud his creditors; second, that John R. Daniel did not pay to J. W. Daniel a valuable consideration for the land so conveyed to him on October 9, 1911. Upon this verdict judgment was rendered by the court in favor of appellee, J. B. Knox, for the undivided one-half of the northwest quarter of section No. 29, block 19, Texas & Pacific Railway Company land, and against defendant John R. Daniel and the intervener, the First State Bank of Blackwell, from which judgment the bank alone appeals.

In its first assignment of error appellant complains that the court erred in overruling, and not sustaining, its motion for a new trial, for the reasons set out in paragraph 1 thereof, alleging that the verdict of the jury and that the judgment of the court is contrary to the law and evidence, because there is no evidence in the case to show that the land in controversy so transferred by J. W. Daniel to John R. Daniel on October 9, 1911, with the purpose and intent on the part of said J. W. Daniel to thereby hinder, delay, and defraud his creditors.

[1] Appellee objects to a consideration of this assignment because, as alleged, it is too general, in that it goes to the whole controversy in the lower court. But this objection we do not believe to be well taken. An assignment that complains that the verdict of the jury and judgment of the court is contrary to the law and evidence because there is no evidence to establish a fact necessary to sustain said judgment is sufficient; while it is not sufficient if it merely alleges that the evidence was insufficient to establish such fact necessary to support the judgment.

[2] But we believe that this assignment should be overruled on its merits. Fraud may be proven by circumstantial evidence, and we think that the evidence in this case amply sustains the finding of the jury upon the issue of fraud as submitted in the first issue of fact, to wit:

"Was the conveyance of the land in controversy in this suit by J. W. Daniel and wife to John R. Daniel, defendant, on October 9, 1911, made for the purpose and with the intent on the part of said J. W. Daniel to hinder, delay, and defraud his (the said J. W. Daniel's) creditors?"

To this question the jury answered in the affirmative. The question at issue was whether or not the conveyance from J. W. Daniel to John R. Daniel of October 9, 1911, was fraudulent or simulated, and it became material to show whether or not a consideration passed from the grantor to the grantee, and whether or not such consideration, if it did pass, was later returned by the grantor to the grantee, and upon this controversy one R. O. Anderson testified:

"I live at Merkel. I had a money transaction with John R. Daniel about October, 1911. He borrowed $2,000 from the Farmers' State Bank at Trent. I was at Trent at the time. On this day I was here at Abilene attending court, I think, and he came and told me that he wanted to borrow $2,000 to buy some Tarrant county land from his father. He didn't say which land, but said some Tarrant county land from his father. I got the money from the First State Bank & Trust Company here at Abilene. * * * I don't think he said why he wanted it in currency rather than in a check. I think this money was paid back in currency that same day or the next day. I don't know which."

Eugene De Bogory, attorney for the plaintiff, testified on behalf of the plaintiff, in part, as follows:

"About three weeks ago Felix Jones came to my office and said John R. Daniel wanted to see me. I asked him what about, and he said about this suit. I said, 'Well, I will talk to him.' And John R. Daniel came up to my office and told me that the old man had conveyed his property to him for the purpose of getting it away from his creditors; that John R. Daniel had gotten into trouble with the Blackwell Bank over here and the Blackwell Bank had attached; * * * that the Blackwell Bank had attached all of the property of John R. Daniel, including the property that truly belonged to the old man, J. W. Daniel; * * * that John R. Daniel came here to Abilene, where Ove Anderson, a banker of Trent or Merkel, was attending court, and that they got the cash money from the First State Bank over here, and that John R. Daniel secured this cash money and gave it to old man Daniel, and the old man deposited it in the bank, and then drew out the cash and gave it back to John, and John turned it back to Mr. Anderson, or the bank; either the First State Bank of this place or the bank at Trent or the bank at Merkel; he didn't state. He said he turned it back to the bank; that he took this money and went home, carried it back and gave it to the bank; and that by reason of this deal, by reason of the fact that the old man had deeded the property to John, that John got into trouble with some of the creditors, and the creditors had attached this property, and they were about to get it

away from him on his debts when it truly was the old man's."

G. W. Smith, attorney for the defendant, testified on behalf of the plaintiff, as follows:

"Q. Did you have a talk with Felix Jones with reference to this suit? A. Yes; he approached me in an indirect way, stating that he was in a position to have J. W. Daniel or John R. Daniel testify to facts that would enable me to win the suit right off the bat, or that he was in position to have them testify so that you could win it. That is the sum and substance of the conversation. That was last Monday, a week ago, and I think was the same day you told me it was that he talked to you and after he talked to you. I turned the matter down and reported it to the court."

Without further quoting testimony, we think the evidence amply supports the finding of the jury upon both issues submitted and answered, and the judgment of the court thereon, and overrule the assignment.

[3] In its second assignment appellant complains that the court erred in overruling, and in not sustaining, intervener's and defendant's general demurrer to plaintiff's first supplemental petition, because said supplemental petition is insufficient in law and discloses no defense to the matters pleaded by the intervener in its original answer, and its proposition under this assignment is that the matters pleaded in said supplemental petition constituted a new cause of action, and were not in replication to any matters pleaded by the defendant and the intervener.

We do not believe there is any merit in this assignment. In its plea of intervention appellant set up the existence of its title to the land in controversy as evidenced by the deed to it from John R. Daniel and wife, and the deed from J. W. Daniel and wife to John R. Daniel, and relied on the title thus established to defeat plaintiff's suit. It therefore was permissible for plaintiff to plead the facts upon which he relied to defeat the title and claim alleged by defendant and intervener, and this constituted no independent cause of action.

[4] In statutory actions of trespass to try title, where the defendant pleads not guilty, all evidence may be offered without further pleading, except limitation. Article 7740, Vernon's Sayles' Tex. Civ. Stat. But, the defense having specifically pleaded its title by virtue of the conveyances from J. W. Daniel to John R. Daniel, and from John R. Daniel to the intervener, it was competent for the plaintiff to plead and show the existence of facts, if he could, that would establish the superiority of his title over that claimed by the intervener. The office of a supplemental petition is to reply to defendant's answer. This assignment is overruled.

[5] In its third assignment appellant complains of the court's action in overruling, and not sustaining, defendant's special exception No. 2, wherein an exception was taken to paragraph 1 of plaintiff's first supplemental petition, setting up the indebtedness of J. W. Daniel to J. B. Knox accruing prior to

October 9, 1911, the date of the deed from J. W. Daniel to John R. Daniel, because same was immaterial and irrelevant to any issue in the case.

We do not think this specification of error is well taken. Intervener having pleaded a title derived through a deed from J. W. Daniel to John R. Daniel of October 9, 1911, it was proper for plaintiff in his supplemental petition to aver that the indebtedness which was the basis for the recovery in the county court in cause No. 3260, in which plaintiff in this suit was also plaintiff, and J. W. Daniel was one of the defendants, accrued prior to the execution of said deed, and this averment was a direct reply to paragraph 9 of appellant's answer, in which it set up said conveyance from J. W. Daniel to John R. Daniel in its chain of title. The rights of a creditor whose debts accrue prior to an alleged fraudulent conveyance may be superior to those of a creditor whose debt accrued subsequent thereto, and therefore the facts in support of such contention of priority may be pleaded, and evidence introduced upon such pleading. This assignment is overruled.

[6] In its fourth assignment appellant complains of the action of the court in not sustaining the special exception urged to the latter part of paragraph 4 of plaintiff's supplemental petition, which alleged that the defendant John R. Daniel had filed an injunction proceeding in the district court of Taylor county against the plaintiff herein, and that said injunction suit was dissolved because the same is alleged to be immaterial, irrelevant, and not pertinent to any issue in this case. We presume that the trial court's action in overruling the special exception of defendant and intervener was based upon the theory of res adjudicata, and that the controversy between plaintiff and the defendant John R. Daniel as to the title to the property described had been considered by the court and an adjudication had, which, in effect, denied defendant's claim. But, be that as it may, and without passing upon the propriety of the pleading complained of, we do not see that any error has been committed, inasmuch as there was no evidence introduced in this trial upon this issue, nor was the issue submitted to the jury. The assignment is overruled.

[7, 8] In its fifth assignment the appellant complains of the action of the court in admitting over its objection the testimony of J. W. Daniel, to the effect that he had inherited a large estate in Tarrant county, Tex., about the year 1910, and that he also owned certain real estate and business property in Clyde, Callahan county, Tex., which had been conveyed to his son, John R. Daniel, because the court had sustained special exception No. 7 of the defendant and the intervener to paragraph 10 of plaintiff's first supplemental petition, which latter paragraph alleged, in substance, that at the time

above mentioned said J. W. Daniel had inherited a large estate in Tarrant county, which he had conveyed to his son, John R. Daniel, for the purposes alleged, and that he owned the described property in Callahan county, which he had also conveyed to his son, John R. Daniel, for the purpose of defrauding and delaying his creditors.

We think the court correctly sustained defendant's special exception above noted because it, in effect, pleaded plaintiff's evidence upon which he sought to rely to sustain his charge of fraud, and that the court correctly overruled the objection to the evidence upon this point when offered. Upon this issue it was competent to prove that J. W. Daniel had been possessed, shortly prior to the conveyance by him to John R. Daniel of the property in controversy, of considerable property, and that he had conveyed away to various parties, including John R. Daniel, the bulk of his property without sufficient consideration, since the insolvency of J. W. Daniel at the time of the conveyance to his son had been alleged in plaintiff's supplemental petition, and that the fact of his insolvency was known to defendant John R. Daniel at the time of the conveyance to him of the property in controversy, and that said conveyance from J. W. Daniel to his son was made to hinder, delay, and defraud any existing creditors with that intent between the said J. W. Daniel and John R. Daniel. Moreover, bill of exception No. 1 does not include in the evidence admitted by the court and objected to by the defense the testimony with reference to the property in Callahan county, but, irrespective of this apparent variance between the assignment and the bill of exception, we think there was no error in the action of the court complained of, and the assignment is therefore overruled.

[9] In the sixth assignment complaint is made of the action of the court in admitting the testimony of J. W. Daniel relative to his having been sued by various persons and corporations at or about the time of the conveyance of the land in controversy to his son, John R. Daniel, and that various parties had sued said J. W. Daniel in large amounts, especially since the court had sustained the special exception of defendant and intervener to that paragraph of plaintiff's supplemental petition alleging the existence of said suits.

This was properly a matter of evidence, and not of pleading, and for the reasons given in the discussion of the fifth assignment we think there was no error, and, further, the qualification of the trial court of bill of exception No. 3 is to the effect that the stenographer's record does not show that any exception was reserved to the action of the court in overruling the objection. This qualification of this bill was brought into the record of this court by certiorari. For the reasons given, this assignment is overruled.

In its seventh assignment complaint is made that the court erred in admitting, over objection, the testimony of J. W. Daniel relating to a conveyance of a large estate in Tarrant county and of the conveyance of business property in Callahan county, Tex., on October 11, 1911, and shortly thereafter, because the court had sustained the defendant's and intervener's special exception to paragraph 12 of plaintiff's supplemental petition, which alleged that said conveyance was made to John R. Daniel to the Taylor county land on the 9th day of October, 1911. Said conveyance of a large estate in Tarrant county, of the proximate value of $20,000, was made to John R. Daniel on the 11th day of October, 1911, and the conveyance of the business property in Callahan county was made shortly thereafter. For the reasons given in the disposition of the fifth and sixth assignments, this assignment is overruled, and for the further reason that the qualification of the bill of exception No. 4 by the trial court recites that the stenographer's record does not show that any exception was reserved to the action of the court in overruling the objection to this evidence.

[10] The eighth and last assignment complains of the action of the court in admitting over objection the testimony of the witness J. W. Daniel as to what he had traded G. C. Martin for his stock in the Hardwicke-Abbott Manufacturing Company, and the comment of the court at the time of his ruling. No bill of exceptions was reserved by the appellant covering the comment of the court, and therefore we cannot consider that portion of the assignment. While the bill of exception contained the evidence complained of, and the remarks alleged to have been made by the court, yet it fails to show that any objection was made to said remarks by the court.

[11, 12] Moreover, we believe that this evidence was competent for the purpose of showing fraud. Great latitude should properly be allowed by the trial court in cases where there is an issue of fraud, and we fail to see any impropriety in the language of the court as set forth in said assignment, which was as follows:

"When fraud is alleged the gaps are thrown down, and sometimes evidence is not admissible under an allegation of fraud, and therefore the court— I can't— I have got to look into this matter further."

And:

"I think that is close enough to inquire into. A party cannot attempt to make the case out all at once, you understand. It has to be done by piecemeal sometimes, and I will give you a bill."

The judgment of the trial court is hereby affirmed.