**Ann Elaine PIRRUNG et vir, Appellant,**

v.

**T. & N. O. RAILROAD CO., a Texas Corporation, et al., Appellees.**

No. 13797.

Court of Civil Appeals of Texas.

Houston.

Sept. 21, 1961.

Red, Kemp, Paul & Wyckoff, Kenneth A. Paul, Houston, for appellant.

B. D. McKinney, Houston, for appellees, Texas and N. O. R. Co., O. M. Sowell and H. N. Chambers, Baker, Botts, Andrews & Shepherd, Houston, of counsel.

Harman Parrott, Houston, for appellee, George Kennedy, McGregor, Sewell & Junell, Houston, of counsel.

COLEMAN, Justice.

This is a suit to recover the damage to appellant's automobile caused by a collision with a passenger train. The case was tried to a jury and the trial court entered judgment on the verdict that plaintiff take nothing as against appellees, defendants in the trial court.

At the conclusion of the testimony on a Friday there was a discussion between the

court and counsel concerning the time to be allowed the parties for argument, and the court stated that he would allow thirty minutes to each of the two attorneys for the defendants and thirty minutes to the attorney for the plaintiff. The attorney for the plaintiff did not at that time protest or request additional time. The court then announced the time schedule to the jury. However, on the following Monday, when the trial resumed, plaintiff's attorney orally moved that he be granted one hour for argument on the ground that his time for argument should equal that given both attorneys for the defendants. This motion was denied by the court.

■■■■ The trial judge has wide discretion in fixing the time to be allowed litigants for argument, but this discretion can be abused. The trial judge should be careful to allow counsel sufficient time to properly present his case and to discuss all issues submitted to the jury. Aultman et al. v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Mitchell v. Robinson, Tex.Civ.App., 162 S.W. 443, err. ref.; May v. Hahn, 22 Tex.Civ.App. 365, 54 S.W. 416.

The only objection to this action of the court in limiting the time for argument that is set out in the bill of exceptions is that plaintiff was not given as much time as the combined time given to the attorneys for the defendants. There is nothing in the bill of exceptions indicating that thirty minutes was not sufficient time for plaintiff to properly present his case, and to discuss all of the controverted issues. Neither of the attorneys for the defendants indicated to the trial court that the time allotted them was insufficient.

■■■■ The time to be allowed litigants for argument is a matter within the trial court's judicial discretion. Such discretion will not be reviewed in the absence of an affirmative showing of injury to the complaining party. T. & N. O. R. Co. v. Ivey, Tex. Civ.App., 283 S.W.2d 78; Hargrove v. Texas Emp. Ins. Ass'n, Tex.Civ.App., 332 S.W.

2d 121; Gowan v. Reimers, Tex.Civ.App., 220 S.W.2d 331. Even though we might feel that under the circumstances we would have granted plaintiff more time for argument, we cannot say that the action of the trial judge was arbitrary or unreasonable or constituted an abuse of discretion. Smock v. Fischel, Tex.Civ.App., 207 S.W.2d 888, affirmed in part and reversed in part 146 Tex. 397, 207 S.W.2d 891; Jones v. Strayhorn, 159 Tex. 421, 321 S.W.2d 290.

During the first day of the trial, while the plaintiff was being cross-examined, a portion of her deposition was read to the witness and then she was asked:

"Q. Well, when you started ahead across the tracks, you don't know whether or not the truck was blocking your lane at that time or not?

"Mr. Red: We object to arguing with the witness, she has already testified to that.

"The Court: Overrule the objection.

"Mr. Red: May I complete my objection?

"The Court: You may complete your objection, but not coach the witness. Take the Jury out."

No objection to the court's remark appears in the record at this point. However, when the jury was excused for the day, plaintiff moved for a mistrial and the court denied the motion. Plaintiff failed to request that the jury be instructed to disregard the remark or that any explanatory instruction be given. Plaintiff contends that the remark of the court reflected upon the integrity of appellant's counsel and the plaintiff, upon the credibility of the witness, and was a comment on the evidence. These grounds for objection or reasons for granting the motion were first raised in plaintiff's motion for new trial.

We approve this statement appearing in Texas Jurisprudence, 41–B, Sec. 54, p. 75:

"A trial judge should refrain from making unnecessary comments which

might tend to prejudice a litigant. He should be careful not to say or do anything in the presence of the jury which is calculated to influence them in reaching a verdict. And the judge should not charge upon, or make remarks in the presence and hearing of the jurors which might reasonably be construed as a comment upon the weight of the evidence. As will be subsequently seen, a judge may not comment upon the credibility of witnesses or make remarks calculated to reflect upon an attorney to the prejudice of his client's case. But it is not improper to make a remark in the nature of a ruling upon an objection, in stating the reasons for a ruling, or, when objections to testimony are being persistently made, in informing counsel what is or is not proper testimony upon an issue."

█ In this instance, however, we do not feel that the remark of the court is subject to the interpretation placed on it by appellant's counsel. On at least two previous occasions in connection with objections he had stated the previous testimony of the witness. The court was merely admonishing him to make objections without repeating the testimony. The court's choice of the words "coach the witness" in making the admonition was unfortunate, but he immediately made known to counsel, out of the presence of the jury, his meaning and, on proper request, no doubt, would have explained the matter to the jury. Such an explanation could have removed any harmful effect a misinterpretation of the court's meaning might have had on the minds of the jurors. The points relating to this remark do not show reversible error. First State Bank of Blackwell v. Knox, Tex.Civ. App., 173 S.W. 894; Davenport v. Taylor County Tuberculosis Ass'n, Tex.Civ.App., 72 S.W.2d 407; Southland Greyhound Lines, Inc. v. Matthews, Tex.Civ.App., 74 S.W.2d 713, err. dism.; Holden v. Gibbons, Tex.Civ.App., 101 S.W.2d 837, writ dism.; City of Austin v. Cook, Tex.Civ.App., 343

S.W.2d 545; Comment, 20 Texas Law Review, pp. 83 et seq.

Appellant has briefed certain points relating to the admission of evidence over his objection. We find it unnecessary to determine whether or not the questions were vulnerable to the objections levied against them for the reason that from a consideration of the entire record we are clearly of the opinion that no harm resulted to plaintiff and that the admission of the testimony was not calculated to cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure.

The judgment of the Trial Court is affirmed.